Frank L. DAMIANO, Petitioner,

v.

Charles GAUGHAN, Respondent.

Civ. A. No. 83–0410–C.

United States District Court,
D. Massachusetts.

Sept. 5, 1984.

Frank L. Damiano, pro se.

John B. Lawlor, Jr., Moos & Lawlor, Boston, Mass., for petitioner.

Barbara A.H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Div., Boston, Mass., for respondent C. Gaughan.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Bridgewater State Hospital Treatment Center in Bridgewater, Massachusetts, who pleaded guilty in Suffolk Superior Court to twenty-three indictments for statutory rape and related offenses. He received twenty-three concurrent sentences to life in prison. He now claims that his sentences were imposed in violation of his rights to due process of law on the grounds that (1) his guilty pleas were coerced by the trial judge, the Honorable A. David Mazzone, and (2) that Judge Mazzone imposed the sentences vindictively. Respondent is Charles Gaughan, Superintendent of the Massachusetts Correctional Institution, Bridgewater. The matter came before the Court on petitioner's motion for summary judgment and on the Commonwealth's motion to dismiss.

On May 17, 1977, petitioner was indicted on thirty-seven counts of unnatural sexual intercourse and abusing children under the age of sixteen. John F. Wood, Esq., a public defender, was appointed to defend him. On or about June 15, 1977, Attorney Wood entered into plea negotiations with Assistant District Attorney Leonard Henson. Assistant District Attorney Henson told Attorney Wood that he would recommend *consecutive* life sentences if petition-

er were convicted at trial, but that he would recommend *concurrent* life sentences if petitioner pleaded guilty. Assistant District Attorney Henson reiterated the offer on July 21, 1977, and added that a co-defendant, awaiting trial on related charges, might receive a suspended sentence because he was cooperating with police.

On August 24, 1977, counsel met with the trial judge in an unrecorded lobby conference. The judge informed defense counsel Wood that he would not exceed the prosecution's recommended sentence without allowing petitioner to withdraw his guilty plea. Later that day, Assistant District Attorney Henson informed Attorney Wood that he would recommend a sentence of fifteen to twenty-five years for petitioner's co-defendant because the co-defendant had cooperated with agents investigating the "Revere Sex Ring." Assistant District Attorney Henson told Attorney Wood that, if petitioner likewise cooperated, he would recommend a sentence of twenty-five to forty years for petitioner. Still later that day, Henson reduced the proposed recommendation to twenty-two to thirty years. On August 25, Attorney Wood reported to Assistant District Attorney Henson that petitioner would not "cooperate" because he had no information to give. Attorney Wood stated that petitioner had not elected to withhold information; rather, petitioner claimed he had no information to give.

On September 14, 1977, counsel attended a second and last lobby conference with the trial judge. The judge reiterated his intention not to exceed the prosecution's sentencing recommendation without allowing the defendant to withdraw his plea. He added that he had been impressed by the cooperation of petitioner's co-defendant and suggested that if petitioner were to cooperate with police investigators he would take that into consideration in imposing sentence. Defense counsel Wood asked the judge what type of sentence he had in mind. The judge responded that he was considering a sentence in the range of eigh-

teen to twenty years, if petitioner cooperated.

On September 26, 1977, petitioner pleaded guilty in open court to twenty-three of the thirty-seven indictments.* The trial judge personally examined petitioner to ensure that he understood the consequences of his guilty plea, that the pleas were tendered freely and voluntarily, and that petitioner in fact admitted to doing the acts charged in the twenty-three indictments. In addition, defense counsel Wood advised the Court that, in his opinion, the pleas were free and voluntary. The Court then imposed the concurrent life sentences.

On November 18, 1981, petitioner filed a motion to vacate the convictions pursuant to Mass.R.Crim.P. 30. On February 3, 1982, after hearing, a different judge of the Superior Court denied the motion. The Massachusetts Appeals Court affirmed. *Commonwealth v. Damiano,* 14 Mass. App. 615, 441 N.E.2d 1046 (1982). The Supreme Judicial Court declined further review. 388 Mass. 1101, 445 N.E.2d 156 (1983).

Petitioner contends here that the guilty pleas were involuntary and obtained in violation of his "right to remain silent." It is fundamental that a guilty plea must be voluntary and intelligent. *See, e.g., Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea is not involuntary, however, simply because it is induced by the promise of a recommendation of a lenient sentence, and thus by the fear of a greater penalty upon conviction after a trial. *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978).

Rule 11 of the Federal Rules of Criminal Procedure bars federal judges from participating in plea negotiations. Fed.R.Crim.P. 11(e)(1). That rule does not apply to state court judges, nor is the rule necessarily mandated by the Constitution. *See Frank v. Blackburn,* 646 F.2d 873, 882 (5th Cir.1980) *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981);

---

* The trial judge dismissed the other fourteen indictments as lesser included offenses.

Blackmon v. Wainwright, 608 F.2d 183, 184 (5th Cir.1979) cert. denied, 449 U.S. 852, 101 S.Ct. 143, 66 L.Ed.2d 64 (1980); Toler v. Wyrick, 563 F.2d 372, 374 (8th Cir.1977) cert. denied, 435 U.S. 907, 98 S.Ct. 1455, 55 L.Ed.2d 498 (1978); Waddy v. Heer, 383 F.2d 789, 794–95 (6th Cir.1967), cert. denied, 392 U.S. 911, 88 S.Ct. 2069, 20 L.Ed.2d 1369 (1968). A federal court may, however, set aside a state court plea bargain if persuaded that the trial judge's participation denied the defendant due process of law by causing him not to understand the nature of the charges against him or the consequences of a guilty plea, or if the judge's participation coerced the defendant to enter into a plea bargain involuntarily. See Frank v. Blackburn, 646 F.2d at 882; cf. United States v. Adams, 634 F.2d 830, 836 n. 3 (5th Cir.1981) (In federal court, "due process requires that judicial participation in plea negotiations not be so great as to render a guilty plea involuntary.")

The record in this case falls far short of showing that petitioner was coerced into pleading guilty. Nothing in the record tends to show that the trial judge's statement affected in any way the petitioner's understanding of the charges against him, or of his understanding of the consequences of his plea or made his decision to forego his right to a trial any less knowing or less voluntary.

■ The trial judge told petitioner's attorney that he would consider a reduced sentence if petitioner would cooperate with police authorities. Petitioner argues that the judge's statement coerced him to plead guilty out of fear that he would not receive a fair trial before the judge after failing to cooperate. A trial judge's participation in the plea bargaining process arguably may raise some doubt as to the judge's partiality or again it may not. In this case the judge took a low profile in plea negotiations. He made known his preference that petitioner cooperate with authorities if possible, but gave no indication that he was convinced of petitioner's guilt, or that he would retaliate if petitioner failed to coop-

erate. He used no coercive language and made no threats, express or implied. The trial judge's activities fell far short of the threatening "plea-or-else" statement the Court of Appeals for this Circuit found coercive in Longval v. Meachum, 651 F.2d 818 (1st Cir.1981), vacated and remanded, 458 U.S. 1102, 102 S.Ct. 3475, 73 L.Ed.2d 1362 (1982), on remand, 693 F.2d 236 (1982). In short, the record contains no facts showing that the trial judge was in fact biased or that petitioner might reasonably have inferred that he was biased. For those reasons, I rule that petitioner was not coerced into pleading guilty by the trial judge's participation in the plea negotiations, and that he pleaded guilty voluntarily and intelligently.

■ Petitioner also alleges that the trial judge acted unconstitutionally in sentencing him. Petitioner argues that this Court should presume that the trial judge sentenced him vindictively because of the role the trial judge had played in the plea negotiations. Such a presumption arises only under circumstances "that pose a realistic likelihood of 'vindictiveness.'" United States v. Goodwin, 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982), quoting Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Because the record in this case contains no evidence to show that Judge Mazzone was in fact biased, or that he was likely to or did act vindictively toward petitioner, I rule that this is not the case in which any such presumption should be drawn about the trial judge's state of mind or actions.

■ Petitioner also claims that the trial judge infringed his privilege against self-incrimination when he considered petitioner's failure to cooperate with police investigators as a factor in imposing the life sentences. A trial judge may consider a defendant's cooperation or failure to cooperate with police authorities in imposing sentence. Roberts v. United States, 445 U.S. 552, 556–58, 100 S.Ct. 1358, 1362–63, 63 L.Ed.2d 622 (1980); see also United States v. Tracey, 675 F.2d 433, 441 (1st

Cir.1982). He may not, however, increase a defendant's sentence in order to punish him for exercising his Fifth Amendment privilege against self-incrimination. *See, e.g., Roberts v. United States,* 445 U.S. at 559, 100 S.Ct. at 1363.

The trial judge in this case told defense counsel that he would consider imposing a sentence of eighteen to twenty years if petitioner were to cooperate with police investigators. The trial judge apparently believed that petitioner could provide the police with information about the individuals involved in the Revere Sex Ring. Petitioner later informed the Assistant District Attorney that he had no information to give, and maintains to this day that he was not involved in the Revere Sex Ring.

 "The Fifth Amendment privilege against compelled self-incrimination is not self-executing. At least where the Government has no substantial reason to believe that the requested disclosures are likely to be incriminating, the privilege may not be relied upon unless it is invoked in a timely fashion." 445 U.S. at 559, 100 S.Ct. at 1364. The record shows that the Assistant District Attorney was interested in learning the identities of individuals, other than the petitioner, involved in organized unlawful sexual activity and child molestation. Nothing in the record shows that investigators sought further information regarding petitioner's own activities. Petitioner failed to claim to the trial court or the Assistant District Attorney that he was unable to cooperate without incriminating himself, nor did he give any indication that he was likely to incriminate himself by cooperating with the police or how he was likely to do so. Rather, petitioner made no reference whatsoever to the Fifth Amendment, but maintained steadfastly that he simply had no information to give police authorities. This conduct by petitioner cannot rationally be construed as an invocation of his Fifth Amendment privilege.

 The records of the proceedings in the Superior Court show that petitioner failed to put the Commonwealth or the Judge on notice that he intended to avail himself of the privilege against self-incrimination. *See Garner v. United States,* 424 U.S. 648, 655, 96 S.Ct. 1178, 1182, 47 L.Ed.2d 370 (1976). His attempted assertion of the privilege on appeal and in this Court "is evidently an afterthought." *Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 113, 47 S.Ct. 302, 306, 71 L.Ed. 560 (1927). Accordingly, I rule that, even if the trial judge did in fact consider petitioner's failure to cooperate with police investigators when he imposed sentence, his doing so did not infringe petitioner's privilege against self-incrimination. The petition for writ of habeas corpus should be denied.

Order accordingly.