Frank L. DAMIANO,
Petitioner, Appellant,

v.

Charles GAUGHAN, et al.,
Respondents, Appellees.

No. 84–1771.

United States Court of Appeals,
First Circuit.

Heard June 3, 1985.

Decided Aug. 8, 1985.

John Lawlor, Jr., Boston, Mass., by appointment of the Court, with whom Moos & Lawlor, Boston, Mass., was on brief for petitioner, appellant.

Barbara A.H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., with whom Francis X. Bellotti, Atty. Gen., was on brief for respondents, appellees.

Before COFFIN, BOWNES and DAVIS,* Circuit Judges.

DAVIS, Circuit Judge.

This is a habeas corpus action brought under 28 U.S.C. § 2254 in the United States District Court for the District of Massachusetts to test whether (1) appellant Damiano's guilty pleas to state criminal charges were unconstitutionally coerced, and (2) the sentences imposed on him by the state trial judge were constitutionally invalid because vindictive. The district court, 592 F.Supp. 1222 (D.Mass.1984), denied and dismissed the habeas corpus petition. We affirm.

---

* Of the Federal Circuit, sitting by designation.

**2**

## I.

In 1977 Damiano was indicted in the Commonwealth of Massachusetts on thirty-seven counts of unnatural sexual intercourse and of abusing minors under sixteen. A public defender was appointed to represent him, and plea negotiations followed, in two of which sessions the state trial judge participated. Before any such judicial participation, the attorneys had a discussion at which the prosecutor indicated that he would recommend consecutive life sentences if Damiano were convicted at trial, but concurrent life sentences if he were to plead guilty; about a month later, the prosecutor reiterated that offer, telling the public defender that a co-defendant, facing similar charges, might receive a suspended sentence because he was cooperating with the police.[1] The prosecutor's offer was reported to Damiano by the latter's lawyer.

At the first plea-bargain conference at which the trial judge participated, he said that he would not exceed the state's recommendation without giving Damiano the chance to withdraw his guilty plea. Later that day, appellant's counsel was told by the prosecutor that he would recommend a fifteen-to-twenty-five year sentence for the co-defendant who was cooperating, and that the prosecutor would consider making a comparable (but somewhat longer) recommendation for Damiano if the latter cooperated. The next day, the public defender, after consulting with Damiano, reported to the prosecutor that appellant had no information to give and therefore would not cooperate.

At the subsequent, second conference with the judge, the latter repeated his intention not to exceed the prosecutor's recommendation without allowing Damiano to withdraw his plea (if made). The judge also said that he had already taken the co-defendant's plea and was impressed with that individual's candor and cooperation, suggesting that if Damiano were to do

likewise the judge had "in mind" an eighteen-to-twenty year sentence.

Without Damiano's having furnished any information to the state or supplied any reasons as to why he had no such information, he pleaded guilty in September 1977 to twenty-three of the thirty-seven charges. The remaining charges were dismissed. The trial judge personally examined appellant on his understanding of the charges, and his pleas—as well as the voluntariness of the pleas. Damiano was sentenced to twenty-three concurrent life sentences.

In 1981, appellant moved in the state system to vacate the conviction on the twin grounds now urged. A hearing was held before another state judge who denied the motion, after making findings of fact. The Appeals Court affirmed, 14 Mass.App. 615, 441 N.E.2d 1046 (1982), and the Supreme Judicial Court denied further review, 388 Mass. 1101 (1983). This federal habeas proceeding ensued.

## II.

■ On the accusation that Damiano's guilty pleas were invalidly coerced, the sole measuring rod in this case—since only a state conviction is at stake—is the due process clause of the federal constitution. Nothing in that standard calls for the setting aside of these pleas which were fully gone into at the time by the state trial judge, and characterized by the then defense attorney as free and voluntary. The constitution does not forbid the moderate type of participation shown here in plea negotiations by state trial judges. *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *cert. denied*, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981). The trial judge did not initiate the plea negotiations but at first merely made known that he would not go beyond the prosecutor's proposal for sentencing on a guilty plea (unless Damiano was given the opportunity to go to trial if he wished). Later, the judge, moved by the cooperation of a co-defendant, indicated

1. Apparently the police believed that a number of other persons were involved in similar activities.

that he would show leniency if appellant also cooperated. That, too, is unexceptionable because (as we point out in Part III, *infra*) a court can properly grant leniency where leniency is found appropriate. Conversely, the trial judge (also as shown in Part III) was not trying to deprive Damiano of his right to a jury trial, nor was there any indication that the judge would not allow him a fair trial, or was trying to punish him for some additional misdoing. It is thus plain on this record—as it was to the Massachusetts courts and to the District Court—that the guilty pleas were not forced by any threats or untoward conduct of the trial judge, but were appellant's own choice.

## III.

▮▮▮▮ Damiano's other argument is that his life sentences were punitively and vindictively imposed because he failed or refused to give the names of others indulging in similar or comparable conduct. As the Second Circuit has recently made clear (*Mallette v. Scully*, 752 F.2d 26, 30 (2nd Cir.1984)), there is a distinction between vindictiveness by enhancing a penalty, on the one hand, and a refusal to grant leniency, on the other. The latter is quite permissible. In the current case, as in *Mallette*,[2] we think that there appears no realistic likelihood of vindictiveness, but that the trial judge was simply willing to show leniency to a defendant who helped to uncover others involved in parallel cases (sex acts on a large scale by adults with minors) which had naturally triggered considerable public interest. Appellant has insisted that he had no information to tell (and therefore could not cooperate), but the judge was not required to believe that summary, abrupt, and unexplained denial, especially since Damiano's co-defendant was cooperating with the police. The number and nature of the crimes charged make it not at all unlikely that some sort of "ring," formal or informal, may have been involved. That the judge may have suspected, at the time he

told Damiano's lawyer that a lighter sentence would be imposed if appellant cooperated, that Damiano was "pimping" adolescents to other adults, goes to show, not punitiveness or vindictiveness, but rather the judge's belief that a number of others were concerned and should be revealed to the authorities. At the same time that the judge asked whether Damiano would cooperate, he apparently said that in that event he would impose a 18–20 year sentence "with an apology to the public for the light sentence." This, too, shows not vindictiveness but the opposite, *i.e.*, the judge's strong motivation to be lenient if that would bring other people to justice. This desire is not a prohibited or inappropriate factor in sentencing, but of course such leniency need not be exercised if it is not deserved.

*Affirmed.*

▮▮▮▮▮▮

---

**2.** *Mallette* also concerned a state defendant who refused to tell about an asserted confederate (allegedly because of fear of reprisal) and was

not granted leniency. The Second Circuit refused to set aside the sentence.