*751
 
 OPINION
 

 Per Curiam:
 

 This is a proper person appeal from an order of the district court denying appellant’s post-conviction petition for a writ of habeas corpus. On July 15, 1993, the district court convicted appellant, pursuant to an
 
 Alford
 
 plea, of one count of attempted robbery. The district court sentenced appellant to serve a term of seven and one half yeaxs in the Nevada State Prison. No timely notice of appeal was filed.
 

 On January 27, 1994, appellant filed in the district court a post-conviction petition for a writ of habeas corpus. The state opposed the petition. On February 15, 1994, the district court, without appointing counsel or conducting an evidentiary hearing, denied appellant’s petition. This appeal followed.
 

 Our preliminary review of the record on appeal revealed that the district court may have erred in denying appellant’s petition. In his petition, appellant argued,
 
 inter alia,
 
 that his trial counsel was ineffective because counsel failed to file a notice of appeal on appellant’s behalf or inform appellant of his right to appeal. In the order denying appellant’s post-conviction petition, the district court concluded that appellant did not demonstrate how the failure to inform him of his right to an appeal was prejudicial. This issue was the subject of a recent opinion by this court. Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994). In
 
 Lozada,
 
 this court concluded that if a petitioner for a post-conviction writ of habeas corpus demonstrates that he did not knowingly waive his right to an appeal, the district court shall appoint counsel to represent the petitioner and counsel shall present issues which could have been raised in a direct appeal.
 

 Accordingly, this court ordered the state to show cause why the order of the district court should not be vacated and this matter remanded for further proceedings in light of
 
 Lozada.
 
 On May 23, 1994, the state filed its response to this court’s order. In its response, the state argues that counsel in the instant case did not err in failing to tell appellant that he had a right to appeal because appellant had no right to appeal. The state argues that there is no right to a direct appeal from a guilty plea and cites McGee v. State, 105 Nev. 718, 782 P.2d 1329 (1989), and Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986), in support of its argument.
 

 This court’s prior precedents do not preclude a direct appeal from a defendant whose conviction is based on a guilty plea. Instead, we have held that challenges to the validity of a guilty plea and claims of ineffective assistance of trial and appellate counsel must be first pursued in post-conviction proceedings in
 
 *752
 
 the district court. McGee v. State, 105 Nev. 718, 782 P.2d 1329 (1989) (challenge to guilty plea); Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986) (validity of plea); Gibbons v. State, 97 Nev. 520, 634 P.2d 1214 (1981) (ineffective assistance of counsel). Nevertheless, all other claims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings. These claims could include a challenge to the constitutional validity of the statute on which the conviction was based; a challenge to the sentence imposed on constitutional or other grounds; a claim that the state breached the plea agreement at sentencing; a challenge to the procedures employed that led to the entry of the plea, if that challenge does not address the voluntariness of the plea; and a claim that the district court entertained an actual bias or that there were other conditions that rendered the proceedings unfair. This list is intended to be illustrative, rather than inclusive. The state’s argument that a person who is convicted pursuant to a guilty plea has no right to a direct appeal lacks merit.
 

 Accordingly, we vacate the order of the district court and remand this matter for further proceedings consistent with Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994).