*1329
 
 OPINION
 

 Per Curiam:
 

 FACTS
 

 A grand jury convened on August 3, 1989, to hear evidence concerning a police investigation of appellant Jeffrey Tyrone Marshall. An undercover police officer testified that appellant had shown him and another undercover officer how to convert powder cocaine into rock cocaine. This officer testified further that appellant had purchased a kilogram of cocaine from him.
 

 The grand jury also heard evidence that the police had searched an apartment located at 1500 East Karen Street which appellant had left immediately prior to his arrest. The police found numerous documents in appellant’s name and several photographs of appellant throughout the apartment. The police also found cocaine sitting near a scale and a small quantity of marijuana in the master bedroom. The grand jury indicted appellant on one count of trafficking in a controlled substance, one count of manufacturing a controlled substance and two counts of posses
 
 *1330
 
 sion of a controlled substance for the cocaine and the marijuana found in the apartment.
 

 Appellant was tried on these charges before a jury. The state presented the undercover police officer’s testimony concerning the trafficking and manufacturing charges. Other police officers corroborated the undercover officer’s testimony. The state also showed the jury a video tape recording of the sting operation during which appellant purchased the kilogram of cocaine.
 

 The police officer who conducted the search of the apartment on Karen Street repeated his testimony concerning the documents in appellant’s name the police found. The police officer indicated that only one of the documents bearing appellant’s name listed 1500 East Karen Street as appellant’s address. The remaining documents listed either appellant’s sister’s or his mother’s address. The police officer testified further that the police recovered numerous other documents from the apartment in at least five other persons’ names. The police also found photographs of people other than appellant in the apartment.
 

 The state attempted to link appellant to the Karen Street apartment by presenting testimony that the police had observed appellant leave the apartment on Karen Street nine days prior to appellant’s arrest. Police experts testified that they recovered a latent fingerprint of appellant in the apartment from a plate sitting next to the scale and the cocaine. The police also recovered a cellular telephone from the apartment which appellant had borrowed from his step brother.
 

 The defense presented testimony that appellant did not live at the Karen Street apartment. Appellant’s sister testified that appellant had lived with her and her boyfriend at 2850 South Maryland Parkway. The boyfriend and appellant’s mother corroborated this testimony. Appellant’s sister and her boyfriend both testified that they had rented the apartment at 1500 East Karen for appellant’s brother George because George had a bad credit history. The boyfriend asserted further that he and appellant went to the apartment on Karen Street three times a week to lift weights.
 

 The jury found appellant guilty of all four drug related offenses. The district court sentenced appellant to a term of life imprisonment in the Nevada State Prison for manufacturing, a concurrent term of life and a fine of $250,000 for trafficking, a concurrent term of nine years for possession of cocaine, and a concurrent term of four years for possession of marijuana.
 

 Appellant appealed from his conviction to this court. Appellant’s sole contention on appeal was that the state failed to present sufficient evidence of appellant’s guilt on the trafficking and manufacturing offenses. We disagreed and dismissed appellant’s
 
 *1331
 
 direct appeal. Marshall v. State, Docket No. 21162 (Order Dismissing Appeal January 24, 1992).
 

 On January 30, 1993, appellant petitioned the district court for a writ of habeas corpus. Appellant asserted numerous instances of ineffective assistance of counsel before the grand jury, at trial and on appeal.
 
 [1]
 
 The district court denied appellant relief without appointing counsel or conducting an evidentiary hearing. This appeal followed.
 

 DISCUSSION
 

 When a petition for post-conviction relief raises claims supported by specific factual allegations which, if true, would entitle the petitioner to relief, the petitioner is entitled to an evidentiary hearing unless those claims are repelled by the record. Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984). Appellant contended below that appellate counsel was ineffective for failing to contest the sufficiency of the evidence presented to the grand jury and at trial supporting the trafficking and manufacturing charges. We ruled in appellant’s direct appeal that the state presented sufficient evidence to support the trafficking and manufacturing charges. Our ruling on these contentions is the law of the case. Hall v. State, 91 Nev. 314, 535 P.2d 797 (1975). Accordingly, the district court properly rejected these contentions.
 

 Appellant contended that appellate counsel should have argued that the state failed to provide appellant notice of the grand jury proceedings as required under Sheriff v. Marcum, 105 Nev. 824, 783 P.2d 1389 (1989). This court ruled in Gier v. District Court, 106 Nev. 208, 789 P.2d 1245 (1990), that
 
 Marcum
 
 only applies prospectively.
 
 Marcum
 
 was decided on December 20, 1989. Because the grand jury proceedings occurred prior to the decision in
 
 Marcum,
 
 appellate counsel acted reasonably in not raising this issue.
 

 Appellant contended further that counsel should have contended that the district court failed to initially instruct the grand jury “that the failure of a person to exercise his right to testify . . . must not be considered in their decision of whether or not to return an indictment.” NRS 172.095(l)(d). Appellant presented
 
 *1332
 
 no evidence supporting his contention that the grand jury was not properly instructed. The district court properly rejected this contention without an evidentiary hearing because appellant failed to support his contention with specific factual allegations. Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, (1984).
 

 Appellant contended further that his trial counsel was ineffective for failing to move to dismiss the charges because appellant was denied a speedy trial.
 
 See
 
 NRS 178.556. The grand jury indicted appellant on August 4, 1989. Appellant was not brought before a magistrate to answer the grand jury indictment until October 5, 1989. Appellant’s trial began on January 22, 1990.
 

 The delay in bringing appellant to answer the charges was reasonable. Although appellant was not arraigned for over two months, he was being lawfully held for violating his parole. Appellant’s trial was properly delayed because counsel withdrew with appellant’s consent on the eve of trial. These delays were lawful and appropriate. Appellant has identified no prejudice resulting from the delays.
 
 See
 
 State v. Fain, 105 Nev. 567, 779 P.2d 965 (1989). The district court properly rejected this contention without conducting an evidentiary hearing.
 

 Appellant also contended that counsel should have challenged several irregularities that occurred before the grand jury and at trial. Appellant contended that counsel should have challenged: (1) inconsistent testimony at the grand jury and at trial; (2) the state’s violation of the best evidence rule as is provided for in grand jury proceedings under NRS 172.135(2); (3) the admission at trial of an inaccurate drawing of the room where appellant was arrested; (4) the admissibility of testimony of several police officers concerning routine practices of drug dealers; and (5) several instances of prosecutorial misconduct in which the prosecutor vouched for witnesses and commented on matters not admitted into evidence. We have reviewed these contentions and find them to be meritless.
 

 Appellant also contended that appellate counsel should have attacked the sufficiency of the evidence presented to the grand jury and at trial supporting the possession charges. “A defendant has constructive possession of a controlled substance ‘only if she [he] maintains control or a right to control the contraband.’” Sheriff v. Steward, 109 Nev. 831, 835-36, 858P.2d48, 51 (1993) (quoting Glispey v. Sheriff, 89 Nev. 221, 223, 510 P.2d 623, 624 (1973)). In addition, ‘“possession may be imputed when the contraband is found in a location which is immediately and
 
 *1333
 
 exclusively accessible to the accused and subject to her [his] dominion and control.’”
 
 Id.
 
 at 836, 858 P.2d at 51 (quoting
 
 Glispey,
 
 89 Nev. at 223, 510 P.2d at 624).
 

 In this case, the state presented no evidence that appellant had control of, or a right to control the contraband the police found in the Karen Street apartment. Appellant presented evidence that he did not live at the apartment on Karen Street. In addition, several persons had access to the apartment. Appellant thus did not have exclusive access to the contraband.
 

 At most, the state presented evidence that appellant frequented an apartment that was rented to his brother and that appellant stored some of his personal belongings in the apartment. This evidence is not sufficient to establish that appellant, rather than one of the numerous other persons who frequented the apartment, possessed the cocaine and the marijuana the police found. Appellate counsel was ineffective for failing to raise this issue on appeal and counsel’s failure prejudiced appellant. Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984),
 
 cert. denied,
 
 471 U.S. 1004 (1985). The district court erred in refusing to provide appellant an evidentiary hearing on this issue and in denying appellant relief.
 

 Because the record on appeal establishes that appellant was improperly convicted of the possession charges, we reverse appellant’s judgment of conviction on these charges and we vacate the sentences imposed with respect to those convictions. We do not disturb appellant’s convictions for trafficking and manufacturing. Because of our decision to grant appellant relief on the possession convictions, we need not review appellant’s remaining challenges to these convictions. In all other respects, we affirm the order of the district court denying appellant’s petition for post-conviction relief.
 

 [1]
 

 Appellant raised in his petition each of the arguments which he alleges counsel should have raised on appeal. Because these arguments could have been raised on direct appeal, the district court properly rejected these contentions. NRS 34.810(l)(b)(2).