KENNETH STANDLEY, Appellant, *v.* WARDEN, SOUTHERN NEVADA CORRECTIONAL CENTER, G. TRUE, Respondent.

No. 29895

December 13, 1999 990 P.2d 783

Maupin and Agosti, JJ., dissented in part.

*Steven J. Karen,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *John Lukens,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

The state charged appellant Kenneth Standley, by criminal information, with three counts of sexual assault of a minor under fourteen years of age and one count of open or gross lewdness. Pursuant to plea negotiations, the state offered to dismiss the charges if appellant would plead guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to one count of attempted sexual assault.

The district court held a pre-trial hearing on September 24, 1993. The district court judge commenced the hearing by remarking that appellant "probably [did not] want to" accept the state's offer. Nevertheless, the judge indicated that he wanted to speak with appellant for a few minutes.

The judge discussed other issues, then turned to address appel-

lant. The judge emphasized the advantages of the plea bargain offered by the state, comparing the sentencing consequences that appellant was facing if convicted with the consequences of the state's offer. The judge also commented that in his twenty-two years of experience as a defense attorney, he had many clients who had difficulty admitting that they had done something wrong. The judge stated:

> I don't know how many clients I had who got a little high, either on pot or had been doing a little drinking, or without any substance at all, but usually something like that. And did some inappropriate touching of their child or their stepchild. And that's a hard thing to admit.
>
> And I had many clients who, when they first started, would not admit it. And over a period of time, realized that the legal system worked better if they admitted that they had made a mistake.
>
> But what the State is offering you, if you want to, is that you don't even have to say that you did anything wrong. You can plead guilty to attempted sexual assault under Alford and still stand there and say, ''I didn't do anything wrong, but I don't want to go to trial.''

The judge further discussed the plea offer with appellant and then concluded:

> But, I just want you to know what you're facing. What your decision is, I don't even want to influence; it's not my job. I just know, after all the years I've been doing criminal defense work and now being a judge, that very often you hear one thing from your lawyer, you never heard anything from the judge, you sure aren't going to listen to the prosecutor and you end up sitting in prison and then going, ''Boy, you know, that was a bad choice.''
>
> I don't know how many clients I had who the trial would start and the jurors would be over there and they'd turn to me and they'd say—and they hadn't really been listening up to then, though, most of my clients did when I talked to them—and they'd say, ''Is this what a trial is like? I'm going to get convicted, aren't I?'' And I'd say, ''Yeah, that's I've [sic] been telling you for three months.'' And they'd say, ''Is there still time to take a deal?''
>
> And I'd ask the prosecutor—I'd slip him a note, or she [sic] a note, and they'd say, ''To hell with you, no. It's too late.'' We're in trial and my client would get convicted.
>
> So, I just wanted you to hear from me, the facts, as I see them, which has nothing to do with the merits of the case, which deals with your alternatives.

> I'm going to take, like, a two-minute recess after [the pros-
> ecutor] speaks and you can talk to [your attorney] and then
> we'll set a trial date if it's not your desire to plead.

During the recess, appellant decided to accept the plea offer. The judge canvassed appellant and accepted the plea. The parties also signed a written plea memorandum and filed it with the court.

On December 6, 1993, the district court entered the judgment of conviction of one count of attempted sexual assault. The court sentenced appellant to serve nine years in the Nevada State Prison. This court dismissed appellant's subsequent direct appeal pursuant to a request for voluntary dismissal. Standley v. State, Docket No. 26007 (Order Dismissing Appeal, July 28, 1995).

On December 4, 1995, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court. The court did not appoint counsel or hold an evidentiary hearing, and denied appellant's petition as successive. See NRS 34.750; NRS 34.770; NRS 34.810. On appeal, this court deter-mined that appellant's petition was not successive and remanded the matter to the district court for reconsideration. Standley v. State, Docket No. 28218 (Order of Remand, May 7, 1996).

Appellant subsequently secured counsel, and counsel filed sup-plemental documents on appellant's behalf. The state opposed the petition. The district court declined to hold an evidentiary hear-ing and denied appellant's petition on the merits. See NRS 34.770. This appeal followed.

### DISCUSSION

Appellant asserts that the district court judge improperly coerced him to accept the state's plea offer. We agree. Consequently, we hold that the district court abused its discretion in declining to afford appellant an opportunity to withdraw his plea. See Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986) (stating that this court will not reverse a district court's determination concerning the validity of a plea absent an abuse of discretion).

A plea of guilty must be the result of an informed and volun-tary decision, not the product of coercion. See Smith v. State, 110 Nev. 1009, 1010, 879 P.2d 60, 61 (1994). Further, " '[j]udicial involvement in plea negotiation inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the pro-posed agreement and plead guilty.' " Id. at 1014, 879 P.2d at 63 (quoting United States v. Bruce, 976 F.2d 552, 556 (9th Cir. 1992)).

Here, the judge did more than facilitate the plea negotiations or make an isolated comment about the plea offer. Rather, the judge effectively convinced appellant to accept the plea offer through lengthy exposition. In commenting on the offer, the judge evinced an unmistakable desire that appellant accept the offer. Appellant had good reason to fear offending the judge if he declined because the same judge would have presided over the trial and, if the trial resulted in a conviction, the judge would have determined the appropriate sentence.[1] *See Bruce,* 976 F.2d at 556-58.[2] "When a judge suggests to a defendant . . . that he should plead guilty, the coercive effect of this suggestion is likely to be overwhelming." Welsh S. White, *A Proposal for Reform of the Plea Bargaining Process,* 119 U.Pa.L.Rev. 439, 452 (1971) (quoted in parenthetical in *Bruce,* 976 F.2d at 556 n.3).

Moreover, we are troubled by the judge's repeated references to his prior experience as a defense attorney who represented clients in circumstances similar to those that appellant was facing. The judge thereby adopted the role of counselor to a criminal defendant, foregoing his duty as "a neutral arbiter of the criminal prosecution." *See Bruce,* 976 F.2d at 557.

Under these circumstances, we conclude that it is unnecessary to order the district court to hold an evidentiary hearing and that appellant should be afforded an opportunity to withdraw his plea. Although appellant acknowledged at the plea canvass and in the written plea memorandum that he was pleading guilty freely and voluntarily, the record affirmatively reflects that the judge induced appellant to accept the state's plea offer.

We caution, however, against an expansive interpretation of this opinion. The constitution does not forbid all participation by the judge in the plea negotiation process. Miles v. Dorsey, 61 F.3d 1459, 1466-67 (10th Cir. 1995); Damiano v. Gaughan, 770 F.2d

---

[1] At one point the judge stated,

> You're now faced with a gross misdemeanor, which is relatively insignificant. That's Count IV. And Counts III, I through III each carry a life sentence. Now, I suppose those could run consecutive. But it's unlikely that you're going to get life, plus life, plus life, plus life. But, you know, that's a possibility.

Although we have no doubt that the judge did not intend these remarks as a threat, appellant could have construed the remarks as a warning that multiple, consecutive, life sentences would result if appellant failed to accept the state's plea offer and was found guilty at trial.

[2] *Bruce* is not directly on point as it concerns failure to comply with a Federal Rule of Criminal Procedure prohibiting a judge from engaging in plea discussions. Nevertheless, the discussion in *Bruce* concerning the dangers of judicial involvement in plea discussions is particularly applicable to the instant case.

1, 2 (1st Cir. 1985). Only where the judge's conduct is improperly coercive will we consider affording a defendant an opportunity to withdraw his or her plea. *See id.*

## CONCLUSION

We reverse the district court order denying appellant's petition and remand this matter to the district court with instructions to afford appellant an opportunity to withdraw his plea.[3]

MAUPIN, J., with whom AGOSTI, J., agrees, concurring in part and dissenting in part:

I agree that the district court became too involved in the plea negotiation process. I do not agree that this involvement amounted to coercion. Thus, I would affirm the order denying post-conviction relief.

Ordinarily, the permutations and risks discussed in the colloquy between the district court and this appellant should only have been explored between appellant and his attorney. Given the options with which appellant was confronted, and given the expertise and experience of appellant's trial counsel, it is safe to assume that a full discussion of the matter occurred prior to the in-court proceedings that led to acceptance of the plea arrangement. It is evident, however, that the district court felt the need to elaborate on the risks of a trial on the original charges. That elaboration, however ill-advised, and regardless of whether his comments should have been left unsaid in deference to the interaction between appellant and his counsel, amounts only to a candid assessment of the substantial benefits of the negotiated settlement.

---

[3]The district court held that several other claims raised by appellant were barred to the extent that they did not challenge the knowing and voluntary nature of the plea or relate to the efficacy of counsel. *See* NRS 34.810(1)(a). Having reviewed appellant's petition, we conclude that the district court did not err in making this determination. *See* Franklin v. State, 110 Nev. 750, 877 P.2d 1058 (1994) (stating that claims of ineffective assistance of counsel or challenges to the validity of a guilty plea must be first pursued in post-conviction proceedings, but other claims appropriate to direct appeal must be pursued on direct appeal or they are deemed waived), *overruled on other grounds by* Thomas v. State, 115 Nev. 148, 149–51, 979 P.2d 222, 223-24 (1999); Webb v. State, 91 Nev. 469, 538 P.2d 164 (1975) (stating that a guilty plea generally precludes consideration of events occurring prior to entry of the plea). Further, in light of our disposition, we need not consider appellant's claim that the district court erred in accepting appellant's *Alford* plea in the absence of strong or overwhelming evidence of his guilt.