Thomas Howard CRAVENS,
Petitioner–Appellant,

v.

Robert BAYER; Frankie Sue Del Papa; Attorney General, State of Nevada, Respondents–Appellees.

No. 00–15254.

D.C. No. CV–99–00213–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Feb. 5, 2002.

Before BEEZER, TROTT, and TALLMAN, Circuit Judges.

MEMORANDUM **

Thomas Cravens ("Cravens") appeals the district court's order dismissing his petition for a writ of habeas corpus. We review de novo the district court's judgment that Cravens had "procedurally defaulted" his claims, and that he failed to demonstrate "cause and prejudice" for the default. See Washington v. Cambra, 208 F.3d 832, 833 (9th Cir.2000). We affirm.

On this appeal, we consider only whether Cravens procedurally defaulted on his claims that the government violated his right to due process by mishandling and withholding exculpatory evidence at trial. As a preliminary matter, we note that Cravens's state habeas petition and Opening Brief to the Nevada Supreme Court put that court on notice of the federal claims now before this panel. Cravens, thus, exhausted his state remedies with respect to these claims and we may properly consider his petition. See Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (requiring "state prisoner to present the state courts with the same claim he urges upon the federal courts"); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir.2000).

Though Cravens's claims are properly before us, we cannot review them because

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

they are procedurally barred under Nevada law. The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir.2001). The Nevada Supreme Court dismissed Cravens's state habeas petition because he had run afoul of Nevada's procedural requirement by not bringing his claims earlier on direct appeal. *See* N.R.S. 34.810(1)(b)(2).

Section 34.810(b)(1)(2) constitutes an "independent" ground for the Nevada Supreme Court's decision because the rule is not "interwoven" with federal law—that is, the court did not rely on "any aspect of federal procedural or substantive law" in denying Cravens's federal claims. *Zichko*, 247 F.3d at 1021. In addition, N.R.S. 34.810(b)(1)(2) provided an "adequate" ground for the state court decision because the rule was "clear, consistently applied, and well-established at the time of petitioner's purported default." [3] *Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir.2001) (citation omitted).

Our decision in *McKenna v. McDaniel*, 65 F.3d 1483 (9th Cir.1995), does not compel a contrary conclusion. In *McKenna*, we considered a substantially similar procedural bar, N.R.S. 177.375 [4] and held that the Nevada courts did not apply that bar consistently. *See McKenna*, 65 F.3d at 1488–89; *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir.1996) (explaining *McKenna* ). N.R.S. 177.375, thus, did not procedurally bar the *McKenna* panel from considering the federal claims. *McKenna* does not govern here, however, because it was a capital case, "and the Nevada courts are less strict in applying procedural bars to constitutional claims in capital cases than non-capital cases." *Petrocelli*, 248 F.3d at 887; *see also Pellegrini v. State*, 34 P.3d 519, 536 (Nev.2001) (per curiam) ("[W]e conclude that we have been consistent in requiring good cause and actual prejudice to overcome the statutory procedural bars [under N.R.S. 34.810]."). Because the Nevada Supreme Court has applied N.R.S. 34.810(1)(b)(2) consistently in non-capital cases such as the one before us, we are barred from considering Cravens's claims.

We might still have considered the merits of Cravens's claims despite the procedural default, but he fails to provide any showing of the "cause for the default and prejudice attributable thereto." *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

AFFIRMED.

---

**3.** *See, e.g., Standley v. Warden,* 115 Nev. 333, 990 P.2d 783, 785 n. 3 (Nev.1999) (per curiam); *Davis v. State,* 115 Nev. 17, 974 P.2d 658, 660 (Nev.1999) (per curiam); *Kirksey v. State,* 112 Nev. 980, 923 P.2d 1102, 1114 n. 10 (Nev.1996) (per curiam); *Marshall v. State,* 110 Nev. 1328, 885 P.2d 603, 605 n. 1 (1994) (per curiam); *Franklin v. State,* 110 Nev. 750, 877 P.2d 1058, 1059 (Nev.1994) (per curiam).

**4.** Under N.R.S. 177.375, "a claim that could have been raised on direct appeal from a judgment of conviction, but was not, is considered waived for purposes of a subsequent proceeding for post-conviction relief." *Bolden v. State,* 99 Nev. 181, 659 P.2d 886, 887 (Nev.1983) (per curiam). This section was repealed on January 1, 1993.