An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

OSCAR EDUARDO URIBE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65534

FILED

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Oscar Eduardo Uribe's post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

First, Uribe contends that the district court erred by denying his claim that counsel was ineffective at sentencing for failing to present testimony from his mother and failing to ensure that the court considered the factors enumerated in NRS 193.165(1)(a)-(e). Uribe also contends that the district court erred by denying this claim without conducting an evidentiary hearing. We disagree. At sentencing, counsel presented substantial mitigating evidence and argued that a lower sentence was warranted because of Uribe's troubled upbringing, youth, and capacity for change. Before imposing sentence, the court noted that it had considered the mitigating circumstances and the factors enumerated in NRS 193.165(1)(a)-(e). In his petition, Uribe did not identify what his mother

---

[1]We disagree with Uribe's contention that the orders denying his petition are deficient.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37221

would have said or what actions counsel could have taken which would have changed the sentence imposed. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984). We conclude that the district court did not err by denying this claim and by doing so without conducting an evidentiary hearing. *See Rubio v. State*, 124 Nev. 1032, 1046, 194 P.3d 1224, 1233-34 (2008) ("[W]hen the defendant's claims are belied by the record or not supported by specific facts, which, if true, would entitle him to relief, the district court may reject a claim without conducting an evidentiary hearing.").

Second, Uribe contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue that the sentencing court abused its discretion by neglecting to consider the factors enumerated in NRS 193.165(1)(a)-(e) and explain its reasons for imposing sentence. We decline to consider these assertions because they were not raised below. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012–13, 103 P.3d 25, 33 (2004). Moreover, as explained above, the sentencing court specifically noted that it had considered the factors enumerated in NRS 193.165(1)(a)-(e) and explained its reasons for imposing sentence and therefore this claim would have been unsuccessful on appeal. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (holding that to prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance fell below an

objective standard of reasonableness and that the omitted issue would have had a reasonable probability of success on appeal).

Third, Uribe contends that the district court erred by denying his claim that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of counsel. Below, Uribe contended that counsel failed to explain to him the legal effect of self-defense and that the State bore the burden of proof at trial. The district court found that counsel was not deficient and denied this claim because Uribe admitted at the evidentiary hearing that counsel discussed self-defense and the burden of proof with him. Uribe failed to demonstrate that his plea was not knowingly and voluntarily entered because the record indicates that he understood the nature of the charges and the consequences of pleading guilty. We conclude that the district court did not err by denying this claim. *See Rubio*, 124 Nev. at 1038, 194 P.3d at 1228.

Fourth, Uribe contends that the district court erred by denying his claim that his guilty plea was not knowingly and voluntarily entered because he was incompetent at the time he pleaded guilty. However, Uribe argued below that counsel was ineffective for failing to determine *whether* he was competent. Because the assertion on appeal is not the same as that raised below, we decline to consider it. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (an appellant "cannot change [his] theory underlying an assignment of error on appeal").

Fifth, Uribe contends that the sentencing court abused its discretion by (1) considering suspect evidence, (2) failing to consider mitigating evidence, and (3) imposing a sentence "in excess of that needed for society's interests." The district court denied this claim on the grounds that it should have been raised on direct appeal. *See Franklin v. State,*

 

110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (claims that are appropriate for a direct appeal must be pursed on direct appeal or will be considered waived, including "a challenge to the sentence imposed on constitutional or other grounds"). We conclude that the district court did not err by denying this claim. *See also* NRS 34.810(1)(a) (limiting scope of claims that may be raised where conviction was upon a guilty plea).

We conclude that no relief is warranted, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Patrick Flanagan, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk