# IN THE SUPREME COURT OF THE STATE OF NEVADA

HARVEY DEANDRE MCDANIELS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80326

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Harvey Deandre McDaniels first argues that the district court should have allowed him to withdraw his guilty plea when the State argued for a more severe sentence than the parties had originally stipulated. The guilty plea agreement provided that the State would be relieved of its obligation to argue for the stipulated sentence if McDaniels failed to interview with the Department of Parole and Probation, as McDaniels failed to do. The Court of Appeals considered and rejected this claim on direct appeal. *McDaniels v. State*, Docket No. 75074-COA (Order of Affirmance, July 17, 2019). The doctrine of the law of the case prevents relitigation of this claim. *See Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). The district court therefore did not err in denying this claim without an evidentiary hearing. *See Nika v. State*, 124 Nev. 1272,

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

20-34966

1300-01, 198 P.3d 839, 858 (2008) (providing that a petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief).

McDaniels next argues that the district court abused its discretion in failing, sua sponte, to schedule an interview for McDaniels with the Department of Parole and Probation while he was in custody. McDaniels waived this claim by not raising it on direct appeal, *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (holding that "claims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings," including a claim that the district court was biased), and the claim fell outside the limited scope of a postconviction habeas petition that challenges a judgment of conviction based on a guilty plea as set forth in NRS 34.810(1)(a). The district court therefore did not err in denying this claim without an evidentiary hearing.

McDaniels finally argues that counsel should have filed a written motion to withdraw his guilty plea and that his plea ceased to be voluntary when he was not permitted to withdraw it after the district court imposed a more severe sentence than the stipulated term. McDaniels has not demonstrated deficient performance or prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Counsel argued at sentencing for a withdrawal of McDaniels' plea, and the district court rejected counsel's arguments. McDaniels has not identified what additional argument counsel should have raised in a written motion and has not shown that such a motion would have been meritorious. The district

court therefore did not err in denying this claim without an evidentiary hearing.[2] *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims.").

Having considered McDaniels' contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Valerie Adair, District Judge
       Harvey Deandre McDaniels
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]Insofar as McDaniels claims that he was denied his right to argue that he acted in self-defense, he waived the right to raise that defense when he pleaded guilty, and that claim does not warrant relief.