J. M. BOUNDS, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 8059

July 9, 1975                                           537 P.2d 475

*Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Carson City, for Respondent.

# OPINION

*Per Curiam:*

By reason of a guilty plea entered September 16, 1963, appellant stands convicted of murder in the second degree. He is presently incarcerated under a 10-year to life sentence. In August, 1974, he petitioned, unsuccessfully, for post-conviction relief.

In this appeal he argues we should reverse because (1) of events that occurred prior to the time the guilty plea was entered; and, (2) the district court erred when it failed to rule that appellant's plea of guilty was involuntary.

1. We need not consider the contention regarding events that occurred prior to the guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973), where the High Court said: "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. *When a criminal defendant has solemnly admitted in open court that he is in fact guilty* of the offense with which he is charged, *he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the*

*guilty plea.*" [Emphasis added.] Cline v. State, 90 Nev. 17, 518 P.2d 159 (1974).

2.   In support of the second contention appellant argues he did not fully comprehend the significance of his guilty plea. The district judge rejected the contention and we find no error in that determination.

In this case appellant voluntarily, with the advice of counsel, entered his plea of guilty to the homicide charge.[1] The issue of guilt was thereby removed from the case.

"At the time of his arraignment [on September 16, 1963] it was the law of this state that when a guilty plea is not coerced, and the defendant was represented by competent counsel, at the time it was entered, the subsequent conviction is not open to collateral attack and any errors are superseded by the plea of guilty." Mathis v. Warden, 86 Nev. 439, 441, 471 P.2d 233, 234–235 (1970). .

"Here there is no allegation of coercion and counsel is admitted to be competent and well respected. It can be assumed that the appellant was fully advised of the consequences of his plea." *Mathis, supra.* See also, McMann v. Richardson, 397 U.S. 759 (1970).

Affirmed.[2]

---

[1]Appellant had been charged with "open murder" as a result of the death of his wife. Through plea bargaining by his counsel the charge was reduced to second degree murder.

[2]Mr. Justice Zenoff took no part in the deliberations on this case.