MICHAEL D. WEBB, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 7993

July 14, 1975                            538 P.2d 164

*Horace Rodlin Goff,* State Public Defender, and *Michael R. Griffin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

By reason of a guilty plea entered July 16, 1974, appellant stands convicted of the crime of illegal use of amphetamine, a felony. He was sentenced to serve 2 years in the Nevada

State Prison. In this appeal, he argues that we should reverse because (1) a deputy attorney general signed the information upon which he entered his guilty plea, and (2) the attorney general's office had no authority to proceed with the prosecution of the case, which resulted in a negotiated plea, citing Ryan v. District Court, 88 Nev. 638, 503 P.2d 842 (1972). In Ryan, 88 Nev. at 641, 503 P.2d at 843, this court said, ". . . he [the attorney general] simply is not empowered to initiate a prosecution by information independent of the district attorney." In the case at bar, the record does not tell us whether the attorney general was acting for the district attorney or independent of him; for appellant, with the approval of his counsel, chose to accept the signature on the information as valid and indeed, through his counsel, negotiated a plea to the charge contained therein. If the information was properly filed, the attorney general was empowered to conduct the prosecution of the case.[1] See Junior v. State, 91 Nev. 439, 537 P.2d 1204 (1975).

Additionally, in Webb's case he entered a plea of guilty, and he may not now be heard to complain of events preceding that plea. As the High Court ruled in Tollett v. Henderson, 411 U.S. 258, 267 (1973):

". . . [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. . . ." See also Cline v. State, 90 Nev. 17, 518 P.2d 159 (1974), and Bounds v. Warden, 91 Nev. 428, 537 P.2d 475 (1975).

Affirmed.

---

[1]NRS 228.120(3):

"The attorney general shall have the power:

". . .

"3.  To appear in and to take exclusive charge of and to conduct any prosecution in any court of this state for a violation of any law of this state, when in his opinion it is necessary, or when requested to do so by the governor."