An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS ALLEN BURD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61113

FILED

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

First, appellant Travis Allen Burd contends that the State breached the plea agreement by seeking habitual criminal adjudication. Burd specifically claims that pursuant to the negotiated terms, "it was the intent of both parties" that he receive a prison term of 48-120 months if he violated the terms of the agreement. In support of his contention, Burd notes the following language in the plea agreement memorandum: "If defendant fails the intensive supervision [during his own recognizance release] or gets arrested for new charges pending sentencing, Defendant stipulates to forty-eight (48) months to one hundred twenty (120) months" in prison.[1] We disagree with Burd's contention.[2]

---

[1]The plea agreement memorandum also contains the following language regarding the State's obligation: "If defendant complies with intensive supervision and stays out of trouble pending sentencing, the

*continued on next page...*

"When the State enters into a plea agreement, it is held to the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." Sparks v. State, 121 Nev. 107, 110, 110 P.3d 486, 487 (2005) (internal quotation marks omitted). Here, only Burd, not the State, stipulated to a prison term of 48-120 months if he violated the terms of the plea agreement. Additionally, the plea agreement also included express terms stating that if Burd failed to appear for his scheduled sentencing hearing or committed a new criminal offense, the State "would regain the full right to argue for any lawful sentence." Burd failed to appear for his sentencing hearing and he committed a new offense, therefore, we conclude that the State did not breach the plea agreement by arguing for habitual criminal adjudication.

Second, Burd contends that his guilty plea was not entered knowingly and intelligently because he "was not on notice that the State could seek habitual criminal treatment if he violated the guilty plea agreement." As a result, Burd claims that the district court abused its discretion by adjudicating him as a habitual criminal. Challenges to the validity of a guilty plea must generally be raised in the district court in the first instance by either filing a motion to withdraw the guilty plea or

---

...*continued*
State retains the right to argue, but the State agrees to a cap of six (6) years on the top and will not seek habitual criminal treatment." (Emphasis added.)

[2]The district court adjudicated Burd as a habitual criminal pursuant to NRS 207.010(1)(a) and sentenced him to 60-150 months.

commencing a post-conviction proceeding pursuant to NRS Chapter 34. See Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), limited by Smith v. State, 110 Nev. 1009, 1010 n.1, 879 P.2d 60, 61 n.1 (1994); see also O'Guinn v. State, 118 Nev. 849, 851-52, 59 P.3d 488, 489-90 (2002). Burd did not challenge the validity of his plea in the district court and we conclude that the claim is not appropriate for review on direct appeal. See O'Guinn, 118 Nev. at 851-52, 59 P.3d at 489-90; see also Ford v. Warden, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (holding that an appellant "cannot change [his] theory underlying an assignment of error on appeal"). Additionally, we conclude that Burd failed to demonstrate that the district court abused its discretion by adjudicating him as a habitual criminal. See NRS 207.010(2); O'Neill v. State, 123 Nev. 9, 15-16, 153 P.3d 38, 42-43 (2007); Hughes v. State, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Michelle Leavitt, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk