An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROLAND BRADLEY YOUNG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62446

**FILED**

JUL 2 3 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of invasion of the home. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Roland Bradley Young contends that the district court erred by denying his presentence motion to withdraw his guilty plea. Young contends that his plea was not knowingly and voluntarily entered because it was coerced by counsel and asserts that he was faced with rapidly worsening offers from the State and suffering from the effects of alcohol detoxification. "This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion." *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007).

The district court conducted an evidentiary hearing and reviewed the guilty plea agreement as well as the transcripts of Young's waiver of his preliminary hearing and arraignment. The district court concluded that there was no credible evidence of coercion and the totality of the circumstances demonstrated that the plea was voluntarily and knowingly entered. *See Crawford v. State*, 117 Nev. 718, 721-22, 30 P.3d 1123, 1125-26 (2001). We conclude Young fails to demonstrate that the district court abused its discretion by denying his presentence motion to

withdraw his guilty plea. *See Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." (internal quotation marks omitted)).[1]

Young also asserts that the sentence imposed constitutes cruel and unusual punishment.[2] Young's sentence of 48 to 120 months in prison is within the parameters of NRS 205.067(2), he does not allege that the statute is unconstitutional, and we are not convinced that the sentence imposed is so disproportionate to the gravity of the offense as to shock the conscience. *See Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion); *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996). Therefore, we conclude that the sentence does not constitute cruel and unusual punishment, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]To the extent Young asserts that his plea was not knowingly entered because he was not aware of the consequences of habitual criminal treatment, he did not raise this claim in the district court and we decline to address it on appeal in the first instance. *O'Guinn v. State*, 118 Nev. 849, 851, 59 P.3d 488, 489-90 (2002). Further, we note that the district court declined to adjudicate Young as a habitual criminal.

[2]District Judge Linda Marie Bell imposed Young's sentence.

cc:    Hon. Michael Villani, District Judge
Hon. Linda Marie Bell, District Judge
Law Offices of Martin Hart, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A