An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN JOHN KOZLOWSKI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63304

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempting to elude a police officer and driving or being in actual physical control of a vehicle while being under the influence of an intoxicating liquor, second offense. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge.

First, appellant Steven John Kozlowski contends that his due process rights and rights under the Americans with Disabilities Act were violated when the district court ignored his request for a note-taker. We disagree. The district court addressed the motion prior to the hearing on Kozlowski's motion to suppress. The district court noted that Kozlowski had access to real time transcription, which Kozlowski acknowledged was a sufficient aid. Further, although Kozlowski was represented by counsel, the request had not been prepared by counsel and had not been properly served. Therefore, the district court did not abuse its discretion in denying the specific requested accommodation. *See Young v. Ninth Judicial Dist. Court*, 107 Nev. 642, 646, 818 P.2d 844, 846 (1991) (recognizing court's inherent power "to control proceedings before it"); *see also Mitchell v. State*, 124 Nev. 807, 813-16, 192 P.3d 721, 725-27 (2008) (recognizing that

court's actions pursuant to its inherent authority are reviewed for abuse of discretion).

Second, Kozlowski argues that his guilty plea was not knowing or voluntary. He asserts that he could not comprehend the proceedings because of the lack of a note-taker, the court failed to canvas him regarding his veteran status, and he was medicated at the time of his plea. Generally, challenges to the validity of a guilty plea must be raised in the district court in the first instance by either filing a motion to withdraw the guilty plea or commencing a timely post-conviction proceeding pursuant to NRS chapter 34. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 367-68 (1986), *limited by Smith v. State*, 110 Nev. 1009, 1010 n.1, 879 P.2d 60, 61 n.1 (1994), *see also O'Guinn v. State*, 118 Nev. 849, 851-52, 59 P.3d 488, 489-90 (2002). Because the record does not indicate that Kozlowski challenged the validity of his guilty plea on this basis in the district court, his claim is not appropriate for review on direct appeal from the judgment of conviction, and, therefore, we need not address it. *Bryant*, 102 Nev. at 272, 721 P.2d at 368.

Third, Kozlowski contends that the district court erred in denying his motion to suppress his blood sample and motion to produce his blood sample, or in the alternative, dismiss based on the destruction of the sample. We decline to consider the merits of Kozlowski's contention because he waived his claim when he entered the guilty plea. Generally, the entry of a guilty plea waives any right to appeal from events occurring prior to the entry of the plea. *See Webb v. State*, 91 Nev. 469, 538 P.2d 164 (1975) ("'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. . . . [A defendant] may not thereafter raise independent claims relating to the deprivation of

constitutional rights that occurred prior to the entry of the guilty plea.'" (first alteration in original) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))). NRS 174.035(3) permits, with the consent of the district court and the district attorney, a defendant pleading guilty to reserve in writing the right to appeal an adverse determination on a specified pretrial motion. However, Kozlowski does not assert, and the record does not indicate, that he preserved the right to appeal these issues prior to pleading guilty.

Having considered Kozlowski's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Michael P. Gibbons, District Judge
       Jamie C. Henry
       Attorney General/Carson City
       Douglas County District Attorney/Minden
       Douglas County Clerk