An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTOR FELIX DURAN-ROBLES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64781

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of ownership or possession of a firearm by a prohibited person. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Due to the discrepancy between the reservation in the guilty plea memorandum and what appellant Victor Felix Duran-Robles subsequently raised in the district court (and again on appeal), it appeared that his guilty plea might be invalid; therefore, on June 11, 2014, we ordered the State to show cause why Duran-Robles' conviction should not be reversed and his case remanded for the vacating of his guilty plea. After reviewing the State's response and Duran-Robles' reply, we are now prepared to resolve this appeal.[1]

---

[1]Pursuant to NRS 174.035(3), "a defendant may enter a conditional plea of guilty, . . . reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of *any specified pretrial motion*." (Emphasis added.) At the time Duran-Robles entered his guilty plea, he had not yet filed the relevant pretrial motion—his motion to dismiss was filed *after* he entered his guilty plea. The reservation in the guilty plea memorandum, therefore, fails to comply with NRS 174.035(3) and was improper.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23774

According to the guilty plea memorandum, Duran-Robles "reserve[d] the right to challenge the validity of the prior judgment of conviction which gives rise to this offense." On appeal, Duran-Robles contends that the district court erred by denying his motion to dismiss the criminal information. We disagree. The district court conducted a hearing and found that there was no evidence that Duran-Robles' prior conviction was constitutionally infirm; the documents submitted by the State, "taken as a whole, demonstrate that the [prior] conviction was a felony conviction;" and Duran-Robles "has not rebutted this presumption, nor has he met his burden of proving that his prior conviction was unconstitutional." *See Dressler v. State*, 107 Nev. 686, 697-98, 819 P.2d 1288, 1295-96 (1991); *see also Davenport v. State*, 112 Nev. 475, 477-78, 915 P.2d 878, 880 (1996). We also note that any challenge to the sufficiency of the evidence was waived by the entry of Duran-Robles' guilty plea. *See Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975). We conclude that the district court did not abuse its discretion by denying Duran-Robles' motion to dismiss. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (we review a district court's denial of a motion to dismiss for an abuse of discretion). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____Pickering_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

 

cc: Hon. Elliott A. Sattler, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

Supreme Court
of
Nevada

(O) 1947A