An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN LEROY GONZALEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65768

FILED

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This an appeal from a judgment of conviction entered pursuant to a guilty plea of three counts of aggravated stalking. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

First, appellant claims that his three aggravated stalking convictions violate the Double Jeopardy Clause and are redundant because they constitute multiple punishments for the same offense and his single course of action was the proper unit of prosecution for this offense. However, the record does not demonstrate that appellant raised this claim below, and he cannot show plain error because there was no error: each of his crimes was perpetrated against a different victim and the stalking statute criminalizes a malicious course of conduct that is "directed at *a specific person.*" NRS 200.575(6)(a) (emphasis added); *see Jackson v. State,* 128 Nev. ___, 291 P.3d 1274 (2012) (discussing double jeopardy, redundancy, and the unit-of-prosecution doctrine); *Maestas v. State,* 128 Nev. ___, ___, 275 P.3d 74, 89 (2012) (reviewing unpreserved errors for plain error).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37254

Second, appellant claims that he should have been convicted of category C felonies pursuant to NRS 200.575(3) instead of category B felonies pursuant to NRS 200.575(2) because he committed his stalking crimes by sending text messages. However, the record does not demonstrate that appellant raised this claim below and he cannot show plain error because there was no error: the guilty plea agreement and plea canvass transcript plainly demonstrate that he pleaded guilty to three counts of aggravated stalking. *See Maestas*, 128 Nev. at ___, 275 P.3d at 89 (reviewing unpreserved errors for plain error); *see generally Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) (the entry of a guilty plea generally waives any right to appeal from events occurring prior to the entry of the guilty plea).

Third, appellant claims that the district court lacked subject matter jurisdiction over his case because NRS 200.275 does not specify "whether the situs of the crime is [the] county from which the threat is sent, or that in which it is received" and the court's jurisdiction was not established during the plea canvass. Even assuming, without deciding, that proof of the situs of the crime implicates the district court's subject matter jurisdiction and therefore is not subject to waiver by the entry of the guilty plea, *see Colwell v. State*, 118 Nev. 807, 812, 59 P.3d 463, 467 (2002) (subject matter jurisdiction is not subject to waiver), the charging document states that all three crimes occurred in Humboldt County, appellant admitted to committing the crimes as set forth in the charging document, and NRS 200.581 provides that "aggravated stalking shall be

deemed to have been committed where the conduct occurred or where the person who was affected by the conduct was located at the time that the conduct occurred." Accordingly, appellant cannot demonstrate error in this regard.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Michael Montero, District Judge
       Pershing County Public Defender
       Attorney General/Carson City
       Humboldt County District Attorney
       Humboldt County Clerk

---

[1]The fast track response does not comply with the formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have one-inch margins on all four sides and is not paginated. We caution respondent's counsel that failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).