An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN PATRICK MULLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66119

**FILED**

JUN 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a plea of nolo contendere, of statutory sexual seduction. First Judicial District Court, Carson City; James E. Wilson, Judge.

First, appellant Kevin Patrick Mullen claims that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea. "District courts may grant a motion to withdraw a guilty plea prior to sentencing for any substantial, fair, and just reason." *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001). In reviewing the district court's determination, we presume that the district court correctly assessed the validity of the plea, and we will not reverse "absent a clear showing of an abuse of discretion." *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (internal quotation marks omitted).

Here, the district court twice heard oral argument, conducted a limited evidentiary hearing, and found that "[b]ased upon the totality of the circumstances, Mullen failed to show any substantial reason for which the granting of the privilege of withdrawing his no contest plea seems fair and just." The district court's order considered not only Mullen's thorough plea canvass and written plea memorandum but also Mullen's contentions that he had a credible claim of innocence, the victim had been struggling

 

15-17660

with memory and concentration, and the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963). The record supports the district court's findings and conclusions, and we conclude the district court did not abuse its discretion by denying Mullen's motion to withdraw his guilty plea.

Mullen claims that newly discovered evidence, the victim's mental health records, supports a finding of actual and factual innocence of the original charge. However, "[t]he question of an accused's guilt or innocence is generally not at issue in a motion to withdraw a guilty plea." *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984). Moreover, the district court found that Mullen exaggerated the differences between the victim's statements to her mental health counselor and the victim's prior statements and that the victim's statements to her counselor did not contradict her statements to police or testimony at the preliminary examination. The evidence supports the district court's findings, and we conclude the district court did not abuse its discretion.

Second, Mullen claims that the district court abused its discretion by finding that he had no right to access the victim's mental health records. In resolving Mullen's motion to withdraw his guilty plea, the district court determined that Mullen "cannot use the [victim's] mental health records for any purpose, including to support the instant Motion to Withdraw Guilty Plea." However, the district court went on to address the merits of Mullen's contentions, including the victim's mental health records, before denying the motion. Therefore, Mullen fails to demonstrate prejudice because the district court considered the mental health records when resolving his motion to withdraw his guilty plea. To the extent Mullen claims the district court erred by finding that he would

not have been able to use the records at trial, Mullen pleaded nolo contendere, rendering this issue moot.[1]

Third, Mullen claims that the district court erred in denying his motion to dismiss based on vindictive prosecution. The district court did not address the merits of this claim because, on the day the motion was to be argued, Mullen changed his plea, and the district court denied the motion as moot. This issue was not preserved for appeal and was waived. *See Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975).

Having considered Mullen's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]Furthermore, we note that Mullen had a pending motion for a qualified protective order, in which he sought to obtain the victim's mental health records, when he chose not to litigate the motion and plead nolo contendere. *See United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009) ("The guilty plea is not a placeholder that reserves [a defendant's] right to our criminal system's incentives for acceptance of responsibility unless or until a preferable alternative later arises. Rather it is a grave and solemn act which is accepted only with care and discernment." (internal quotation marks omitted)).

cc:     Hon. James E. Wilson, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Lyon County District Attorney
Carson City District Attorney
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A