# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARREN ROY MACK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69225

FILED

JAN 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Darren Mack contends that the district court erred in denying his petition without conducting an evidentiary hearing. We conclude that the district court did not err and affirm.

Mack argues that the district court erred in denying his claims of ineffective assistance of counsel.[1] Because Mack's conviction arises from

---

[1]The district court noted that many of the claims were previously rejected in Mack's presentence motion to withdraw the guilty plea. Only those claims that were decided in this court are subject to the doctrine of the law of the case. *See Byford v. State*, 116 Nev. 215, 232, 994 P.2d 700, 711 (2000). However, it was proper for the district court to note the resolution of the prior claims as a lengthy evidentiary hearing was conducted on the presentence motion to withdraw the guilty plea, in which credibility determinations and factual findings were made. Further, the parties have relied upon the prior hearing in framing their arguments in

SUPREME COURT
OF
NEVADA

(O) 1947A

18-01383

a guilty plea to murder and an *Alford* plea[2] to attempted murder, he was limited to raising claims that the plea was entered involuntarily or unknowingly or without the effective assistance of counsel. *See* NRS 34.810(1)(a).[3] To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability of a different outcome. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). An evidentiary hearing is required where a petitioner raises claims containing specific facts that are not belied by the record, and that, if true,

---

the postconviction proceedings. A further evidentiary hearing was unnecessary based on the resolution of the claims as set forth in this order.

[2]*North Carolina v. Alford*, 400 U.S. 25 (1970). A plea pursuant to *Alford* is the equivalent of a guilty plea insofar as how the court treats a defendant. *State v. Lewis*, 124 Nev. 132, 133 n.1, 178 P.3d 146, 147 n.1 (2008).

[3]Mack argues that the district court erroneously applied the successive-petition bar under NRS 34.810(2). A review of the order belies this assertion.

would entitle him to relief. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

First, Mack argues that his trial counsel should not have entered a plea of not guilty by reason of insanity (NGRI) against his will and represented to the jury that he was chronically delusional.[4] The district court denied this claim because "this issue has effectively been waived by Defendant's plea of guilty. Whether or not Mack agreed to enter this type of plea, what occurred prior to trial is of no moment as to what took place at the time he decided to plead guilty during the trial." Based upon our review of the record on appeal and examining the claim as pleaded, we conclude that the district court did not err. *See Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) (holding that a defendant who enters a guilty plea may not subsequently raise independent claims relating to the deprivation of constitutional rights that occurred before entry of the plea); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for . . . collateral relief"). Mack presented this claim as an independent ground for postconviction relief and failed to present cogent argument that this alleged deficient performance had any relation to his decision to enter a guilty plea.

---

[4]Mack further argues that because he had entered a NGRI plea he should not have been allowed to plead guilty without a competency determination. This argument mistakenly conflates competency and insanity and lacks merit because Mack had previously been found competent.

SUPREME COURT
OF
NEVADA

(O) 1947A

Even assuming that Mack had sufficiently argued that the entry of the NGRI plea induced his later guilty plea, the record indicates that Mack consented to the NGRI plea and does not support Mack's argument that he was forced to enter the NGRI plea. *See Johnson v. State,* 117 Nev. 153, 163, 17 P.3d 1008, 1015 (2001) (recognizing that a mentally competent defendant has the absolute right to prohibit defense counsel from interposing an insanity defense over his express objection). The record indicates that Mack was initially reluctant to enter the NGRI plea and had many conversations with his counsel about the insanity defense, but he ultimately agreed to the insanity defense and NGRI plea as it related to the attempted murder count.[5] The record further indicates that Mack was present and did not object when the court entered the NGRI plea on his behalf pursuant to the consent of counsel and upon the motion to add the NGRI plea.[6] Mack has not presented any cogent argument or legal authority that required the district court to canvass him about the NGRI plea and nothing in the record suggests that the NGRI plea was entered

---

[5]The testimony at the hearing on the presentence motion to withdraw the guilty plea indicates that during one of these conversations David Chesnoff, one of Mack's trial attorneys, indicated that he told Mack to fire him if he did not want to pursue an insanity defense. His other attorney, Scott Freeman, testified that they discussed the insanity defense with Mack and addressed his concerns, and that Mack ultimately "embraced" the insanity defense for the attempted murder count.

[6]The original pleas of not guilty were also entered by the court on Mack's behalf with the consent of his counsel.

without his consent.[7] Further, Mack has not demonstrated or presented any cogent argument that counsel's opening statement, in keeping with the NGRI plea, required his consent. Mack also fails to demonstrate a reasonable probability of a different outcome—that absent entry of the NGRI plea (the alleged deficient act of counsel) he would not have entered a guilty plea in this case. Therefore, we conclude that the district court did not err in denying this claim.

Second, Mack argues that his trial counsel were ineffective in their investigation, preparation for trial, and choice of defenses. Specifically he argues that trial counsel: (1) should not have committed to an insanity defense for the Weller counts without a full investigation and knowing that they could not prove that he had a delusion; (2) should not have presented different defenses—self-defense for murder and insanity for attempted murder—because the defenses conflicted in that self-defense was premised on his reasonable belief of imminent harm whereas the insanity defense was premised on a delusion, meaning he acted without reason; and (3) should have adequately investigated and presented evidence to corroborate his theory of self-defense. The district court concluded that these issues were waived by entry of the guilty plea. Mack again presented these claims as independent grounds for postconviction relief and failed to present cogent

---

[7]To the extent that Mack contends that his appellate counsel should have argued that he was forced to enter a NGRI plea, Mack fails to demonstrate that this claim would have had a likelihood of success on appeal, *see Kirksey*, 112 Nev. at 998, 923 P.2d at 1114, because the trial record does not support his argument that he was forced to enter the NGRI plea.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

argument that counsel's alleged deficient performance had any relation to his decision to enter a guilty plea.[8] Thus, we conclude that the district court did not err in denying these claims. *See Webb*, 91 Nev. at 470, 538 P.2d at 165; *see also Henderson*, 411 U.S. at 267.

Even assuming that Mack had cogently argued that these deficiencies influenced his decision to enter his guilty plea, Mack fails to demonstrate that counsel's performance was deficient. Trial counsel has a duty to conduct a reasonable investigation, and "[t]here are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 689. Mack's claims are based on speculation about what evidence may or may not have been presented at trial when he entered his guilty plea before the defense case-in-chief. Further, trial counsel and the defense investigator testified extensively at the evidentiary hearing on the presentence motion to withdraw the guilty plea about the investigation and preparation for trial. The fact that postconviction counsel would have conducted the investigation differently or started it earlier does not demonstrate deficient performance. Trial counsel testified that they believed an insanity defense was the best defense available given the facts, and Mack has not demonstrated that this strategy was the result of an unreasonable professional judgment. Trial counsel explained their strategy

---

[8]In the pleadings below, Mack presented several of his ineffective-assistance claims of as grounds independent from his decision to enter a guilty plea and only superficially addressed how any of the alleged deficiencies relating to trial strategy and preparation affected his decision to enter a guilty plea.

for the dual theories at the evidentiary hearing—that the death of his wife triggered his delusional state; again, a trial strategy that Mack has not demonstrated was not the result of a reasonable professional judgment.[9] Additionally, trial counsel explained that he looked for the alleged gun at the location identified by Mack but did not find the dumpster and explained why he did not further seek out the gun; Mack has not demonstrated that this was objectively unreasonable.[10] Mack also fails to demonstrate that there was a reasonable probability that he would not have entered a guilty plea given the overwhelming evidence of guilt and the benefit he received in dismissal of the deadly weapon enhancement for murder and a stipulated sentence of life with parole eligibility after 20 years for murder. *See Lee v. United States*, 137 S. Ct. 1958, 1966 (2017) (recognizing that the prejudice analysis for the decision to enter a guilty plea considers the fact that defendants "weigh their prospects at trial" and that "[w]here a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one"). Therefore, we conclude that the district court did not err in denying this claim.

Third, Mack argues that his trial counsel misrepresented the amount of time that he would likely serve pursuant to the plea agreement. According to Mack, counsel told him that the minimum term could be

---

[9]Mack's supporting authority, *Turk v. White*, 116 F.3d 1264 (9th Cir. 1997), is distinguishable as it involved defense theories of self-defense and insanity as to a single charge.

[10]Mack's assertions that the gun could have been found weeks after the murder and would have corroborated his version of events is purely speculative.

SUPREME COURT
OF
NEVADA

(O) 1947A

7

between 20 and 36 years but that he was likely to serve a minimum of 30 years. Instead, Mack was sentenced to serve a minimum term of 36 years. Mack further complains that he was informed that he had a good chance of receiving concurrent sentences and that he would receive parole or a pardon. Mack fails to demonstrate that his trial counsels' performance was deficient or that he was prejudiced. Mack was correctly informed in the written guilty plea agreement, which he acknowledged reading, signing, and understanding at the time he entered his guilty plea, of the sentencing ranges and that sentencing decisions, with the exception of the stipulated sentence for murder, were left to the district court's discretion. Mack further indicated during the plea canvass that there were no promises made to him to induce his guilty plea, with the exception of the stipulated sentence and the agreement that he would have time to tell his story. Trial counsel testified at the evidentiary hearing on the presentence motion that they did not promise a particular sentence, a pardon, or parole. Mack's mere subjective belief regarding sentencing was insufficient to invalidate his decision to enter a guilty plea. *See Rouse v. State*, 91 Nev. 677, 679, 541 P.2d 643, 644 (1975). Mack has not demonstrated a reasonable probability of a different outcome. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, Mack argues that his trial counsel coerced his guilty plea because he was overwhelmed by the number of people on the defense team advising him to accept the plea offer, that he was physically distressed, and that his defense team told him the case was unwinnable. Mack suggests his case was unwinnable only because of the alleged failures to investigate. Mack fails to demonstrate that his trial counsels'

performance was deficient or that he was prejudiced. Mack has not demonstrated that the defense team overcame his will when they advised a guilty plea. He affirmatively acknowledged in entering his plea that he was not coerced into pleading guilty. Candid advice from counsel about the chances of winning at trial, particularly in this case after the defense has had an opportunity to hear the entirety of the State's case-in-chief, is not deficient. Trial counsel testified at the evidentiary hearing that he was concerned about the State's rebuttal case to contradict Mack's version of what happened in the garage. Trial counsel also testified that they were concerned about the delivery of Mack's testimony. The district court found at the conclusion of the evidentiary hearing on the presentence motion that there were no signs that Mack was in physical distress when he entered his guilty plea. As discussed previously, Mack has not demonstrated that trial counsel failed to investigate or prepare for trial and the fact that Mack's current counsel would have approached the case differently is not evidence of deficient performance. Mack has not demonstrated a reasonable probability of a different outcome. Therefore, we conclude that the district court did not err in denying this claim.

Fifth, Mack argues that his trial counsel were ineffective in advising him to enter a guilty plea to murder when he maintained that he acted in self-defense and when his plea was conditioned upon his being provided an opportunity to tell his story at sentencing, which he avers is contrary to the notion of a guilty plea to murder.[11] Mack also argues that

---

[11]Mack further contends that he did not actually enter a guilty plea, but merely "accepted" the guilty plea. This is a distinction without a

he never provided a factual basis for murder. Mack fails to demonstrate that his counsels' performance was deficient or that he was prejudiced. Mack affirmatively assented to the factual basis for the first-degree murder charge as set forth during the plea canvass and as set forth in the plea agreement. The fact that Mack entered a guilty plea while still believing that he had a viable self-defense argument does not render his plea involuntary or the advice deficient. Mack's reliance upon *Crawford v. Sate*, 117 Nev. 718, 30 P.3d 1123 (2001), is misplaced as Crawford received relief from his conviction because a condition of his plea was not performed. The conditions of Mack's guilty plea, the stipulated sentence of life with parole eligibility after 20 years for murder and the opportunity to provide a lengthy presentation during sentencing, were fulfilled in this case. *Gonzales v. State*, 96 Nev. 562, 613 P.2d 410 (1980), is also distinguishable as there was nothing before the district court at the time of the plea to indicate that Mack did not understand the elements of the charges. Therefore, we conclude that the district court did not err in denying this claim.

Next, Mack argues that his trial counsel should have presented additional arguments to support the motion to sever and agreed that he committed a lesser-included offense of attempted murder. Mack fails to present any cogent arguments in his opening brief regarding these claims and instead attempts to incorporate by reference the arguments made below. This is improper. NRAP 28(e)(2). We therefore decline to consider

---

difference and is in fact belied by the record as the district court followed up and asked him if he was entering a guilty plea to murder and he stated, "Yes, sir."

these claims. We further decline to consider any claims or arguments made for the first time in the reply brief. *See* NRAP 28(c).

Finally, we note that the majority of the claims litigated in the habeas petition were previously litigated in the presentence motion to withdraw the guilty plea. Although the doctrine of the law of the case would not apply to those claims not raised on direct appeal from the judgment of conviction as discussed earlier in this order, we conclude that these claims were waived as they could have been raised on direct appeal but were not. *See Franklin v. State*, 110 Nev. 750, 877 P.2d 1058 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). This waiver provides a separate and independent ground to deny relief on those claims litigated in the presentence motion to withdraw the guilty plea.[12] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ Cherry , J.
Cherry

_____ , J.        _____ , J.
Parraguirre                    Stiglich

---

[12]It does not appear that a copy of the presentence motion to withdraw the guilty plea was provided in the appendix, although transcripts from the hearing on the motion were provided. It appears that all of the claims except for the claim that Mack was forced to enter a NGRI plea were previously litigated in the presentence motion.

cc: Hon. Douglas W. Herndon, District Judge
Law Office of William J. Routsis II, Esq.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A