IN THE SUPREME COURT OF THE STATE OF NEVADA

ANNISSA TRISHAE TOUSSAINT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81701

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of obtaining and using personal identifying information of another to harm or for other unlawful purpose. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.[1]

Appellant argues that her guilty plea is invalid because she never admitted to using the identity information of another and the charging document and guilty plea agreement incorrectly state the elements. We agree. Although we generally will not review a challenge to the validity of a guilty plea that is raised for the first time on appeal, we have made exceptions "where: (1) the error clearly appears from the record; or (2) the challenge rests on legal rather than factual allegations." *O'Guinn*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-13933

*v. State*, 118 Nev. 849, 851-52, 59 P.3d 488, 489-90 (2002) (internal footnote omitted). This case presents an error that clearly appears from the record.

Among other things, a valid guilty plea requires that the defendant understand the nature of the offenses. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000). And while we consider the totality of the circumstances in reviewing a challenge to the validity of a guilty plea, *see id.*, appellant carries the burden to demonstrate that she did not enter the plea voluntarily, intelligently, and knowingly, *see Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). Here, the "use" element of the offense was missing from the plea canvass, plea agreement, and charging document. *See* NRS 205.463(1) (providing that it is a felony for "a person who knowingly ... [o]btains any personal identifying information of another person; *and* ... [w]ith the intent to commit an unlawful act, *uses* the personal identifying information" to harm that person, impersonate that person, or for any other unlawful purpose (emphasis added)). During the plea canvass, appellant stated that she possessed the personal identifying information of other people and she might have used it if an emergency arose. Accordingly, she admitted to something that might happen in the future and not to past conduct. And the plea agreement and charging document did not cure this deficiency where the elements of the offense were stated using "and/or" rather than the conjunctive "and" as set forth in NRS 205.463(1).[2] Thus, under the totality of the circumstances, appellant met her burden of showing that she did not knowingly and

---

[2]The State concedes that the guilty plea is invalid due to the mistake regarding the "use" element of the offense.

intelligently enter her guilty plea with an accurate understanding of the nature of the charge. Therefore, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Egan K. Walker, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk